UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                               :

DAVID M. TROTMAN,                   :

                   :

           Plaintiff,        :           25-CV-9037 (JMF)

                   :

      -v-               :           <u>VALENTIN ORDER</u>

                   :

WARDEN NYC D.O.C. et al,        :

                   :

          Defendants.      :

                   :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff, who is currently incarcerated at the Robert N. Davoren Center on Rikers Island, brings this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging that correction officials employed by the New York City Department of Correction violated his rights while he was incarcerated at the George R. Vierno Center ("GRVC"). Plaintiff sues GRVC Warden "John Doe," Officer Miller, Officer Luna, and Captain Lesey.

By Order dated December 5, 2025, the Court requested that all Defendants waive service of summons. *See* ECF No. 10. The New York City Department of Correction subsequently declined to waive service. *See* ECF No. 13.

### JOHN DOE DEFENDANTS

Under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. *Id.* at 76. The Complaint supplies sufficient information to permit the New York City Department of Correction to identify GRVC Warden "John Doe," Officer Miller, Officer Luna, and Captain Lesey (the "John Doe Defendants") described by Plaintiff. It is therefore ordered that the New York City Law

Department, which is the attorney for and agent of the New York City Department of Correction, shall ascertain the identity of the John Doe Defendants whom Plaintiff seeks to sue here and the addresses where these Defendants may be served.[1]  The New York City Law Department shall provide this information to Plaintiff and the Court within 60 days of the date of this Order.

Once this information has been received, the Court will issue an order asking Defendants to waive service.

### CONCLUSION

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court requests that the New York City Law Department respond to this *Valentin* order as directed.

SO ORDERED.

Dated: January 5, 2026
      New York, New York

                          JESSE M. FURMAN
                    United States District Judge

---

[1]     If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility.  If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

2